UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Leonard F.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:22-cv-4183

Judge Michael H. Watson

Magistrate Judge Gentry

## OPINION AND ORDER

Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits in April 2020. ECF No. 8-4 at PAGEID # 129–34; ECF No. 8-5 at PAGEID # 203–06. His applications were denied initially and on reconsideration. ECF No. 8-4 at PAGEID # 135–44, 161–68. After holding a hearing, an Administrative Law Judge ("ALJ") ultimately denied benefits. ALJ Dec., ECF No. 8-2 at PAGEID # 39–57. The ALJ's decision became final when the Appeals Council declined to review his decision. *See* ECF No. 8-2 at PAGEID # 26–28.

Plaintiff then filed suit in this Court, seeking review of the ALJ's decision. Compl., ECF No. 6. Pursuant to the District's practice, the Magistrate Judge issued a Report and Recommendation ("R&R"). R&R, ECF No. 13. The R&R recommends overruling Plaintiff's statement of specific errors and affirming the non-disability determination. *Id.* Plaintiff timely objected. Obj., ECF No. 14. The Commissioner did not respond to Plaintiff's objections. For the following

reasons, the Court **OVERRULES IN PART and SUSTAINS IN PART** Plaintiff's objections.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R that Plaintiff properly objected to. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

### A. Dr. Swain's Opinion

Psychologist[1] Jennifer Swain ("Dr. Swain") performed the State Agency mental health initial review,[2] and she concluded that Plaintiff was moderately limited in several aspects of his mental residual functional capacity ("MRFC"): memory functions, ability to sustain concentration and persistence, social interactions, and adaptive ability. ECF No. 8-3 at PAGEID # 94–95,104–05. Dr. Swain's opinions regarding the last three categories are at issue.

Regarding Plaintiff's ability to sustain concentration and persistence, Dr. Swain opined that Plaintiff was moderately limited in several areas, resulting in her recommendation that he, *inter alia*, "work away from others[.]" *Id.* at PAGEID # 94–95, 104–05.

---

[1] As the R&R notes, R&R 10, ECF No. 13, there are no credentials after Dr. Swain's signature, but Plaintiff refers to her as a psychologist, and the Court will as well.
[2] Dr. Swain's opinions were affirmed by Psychologist Robyn Murry-Hoffman at the reconsideration level. ECF No. 8-3 at PAGEID # 117, 126. The Court refers to the State Agency reviewers' opinions as Dr. Swain's for ease of reference.

In connection with Plaintiff's ability to socially interact with others, Dr. Swain opined that Plaintiff's moderate limitations required him to be restricted to interacting with the general public "on occasion" and "on a regular basis" with only "few, familiar others[.]" *Id.* Moreover, she opined that all interactions be "[l]imited to superficial interactions." *Id.*

As relevant to Plaintiff's adaptive abilities, Dr. Swain opined that Plaintiff was moderately limited in his "ability to respond appropriately to changes in the work setting[.]" ECF No. 8-3 at PAGEID # 95, 105. Given the limitation, Dr. Swain opined that Plaintiff required a "set routine where major changes are explained in advance and gradually implemented to allow [Plaintiff] time to adjust to the new expectations." *Id.*

**B. Objection**

Plaintiff argues that the ALJ erred in evaluating the persuasiveness of Dr. Swain's opinion. Specifically, Plaintiff argues that the ALJ found Dr. Swain's opinion partially persuasive and adopted some, but not all, of her recommended limitations. According to Plaintiff, the ALJ also expressly rejected, without adequate explanation, her recommended limitations concerning working away from others and regularly interacting with only a few, familiar people. Moreover, Plaintiff argues, the ALJ failed entirely to discuss Dr. Swain's recommendation that Plaintiff work in a "set routine with major changes explained in advance and gradually implemented." Plaintiff argues that the ALJ's (1) failure to adequately

explain his rejection of the above two limitations and (2) failure to address the third limitation violated 20 C.F.R. § 404.1520c.

### C. Analysis

For the below reasons, the Court concludes the ALJ appropriately rejected the first two of Dr. Swain's opinions but erroneously failed to consider the third.

#### 1. Regular Interaction with Only a Few, Familiar Others and Work in a Setting Away from Others

The ALJ's MRFC limited Plaintiff to only "occasional interactions with supervisors, coworkers, and the public[,]" with all such interactions being superficial. ALJ Dec., ECF No. 8-2 at PAGEID # 49. Because Dr. Swain opined that Plaintiff could have occasional interactions with the general public and *regular* interactions with "few, familiar others," but the ALJ limited Plaintiff to occasional interactions with *everyone*, the ALJ's limitation was more restrictive than Dr. Swain's. Plaintiff's objection that the ALJ failed to incorporate Dr. Swain's opinion that Plaintiff be limited to regularly interacting only with a "few, familiar others" is therefore overruled.

Moreover, the ALJ adequately explained why he did not conclude that Plaintiff's limitations in concentrating and persisting required Plaintiff to "work away from others." ALJ Dec., ECF No. 8-2 at PAGEID # 55. As the ALJ explained, Dr. Swain's opinion on this score "ignore[d] [Plaintiff's] ability to interact in a polite, calm and appropriate manner while not intoxicated in treatment notes, at the psychological evaluation with an unfamiliar other in a new

setting, and at the hearing." *Id.* The ALJ noted that, during a September 29, 2020 psychological evaluation, Plaintiff demonstrated normal attention and concentration and "was not distracted by office noises[.]" *Id.* at PAGEID # 53; *see also id.* at PAGEID # 54 ("[Plaintiff] had many normal findings as to concentration and attention at the psychological evaluation and in the record with the exception of abnormalities while intoxicated."). The ALJ also noted that, despite limitations in interacting with others, Plaintiff maintained employment for fifteen years with Dick Baker Roofing Company. *Id.* at PAGEID # 48. All of these provide adequate support for the ALJ's rejection of the "work away from others" opinion.

In arguing to the contrary, Plaintiff relies on record evidence that is relevant to his ability to socially interact, not his ability to sustain concentration and persistence. *See* Obj. 4–5, ECF No. 14 ("[T]he mere fact that [Plaintiff] could get along well with others during a few select appointments . . . was not evidence that [Plaintiff] could adequately relate and socialize with others in a work setting on a full-time basis.").

But Dr. Swain's "working away from others" opinion stems from her opinion that Plaintiff would be moderately limited in his ability "to work in coordination with or in proximity to others without being distracted by them[,]"—which is a concentration and persistence limitation. She did *not* opine that he needed to work away from others due to perceived limitations in Plaintiff's ability to get along with his co-workers and peers (*i.e.*, his ability to socially interact with

others). As a result, Plaintiff's recitation of the above evidence—to the extent it does more than seek a re-weighing of the evidence—is unhelpful.

Given the above, the ALJ adequately explained why he concluded that Plaintiff's ability to sustain concentration and persistence did not require him to work away from others,[3] and this objection is likewise overruled.

**2. Major Changes Discussed in Advance and Implemented Gradually**

The Court finds merit, however, to Plaintiff's objection regarding the ALJ's failure to discuss Dr. Swain's opinion that major changes needed to be explained in advance and gradually implemented.

As an initial matter, the Court agrees with Plaintiff and the R&R that the ALJ did not explicitly acknowledge this opinion at all, let alone expressly adopt or reject it.

And, the Court agrees that, although the ALJ generally discussed adaptive limitations and limited Plaintiff to only "occasional changes in duties and the work setting," ALJ Dec., ECF No. 8-2 at PAGEID # 49, that limitation does not encompass Dr. Swain's opinion that major changes must be explained in advance and gradually implemented. Indeed, limiting changes to being

---

[3] Although Plaintiff argues only that the ALJ failed to explain the rejection and does not argue that the explanation is unsupported by record evidence, the Court notes that the ALJ's explanation is supported by record evidence. *See* Black Rpt., ECF No. 8-7 at PAGEID # 567 (finding Plaintiff's "attention and concentration were intact" and "[h]e was not distracted by noises from the office."). And, although Plaintiff points to record evidence about his inability to appropriately interact socially with others, he cites to no record evidence, beyond Dr. Swain's opinion, supporting the notion that he cannot *maintain sustained concentration and persistence* if he works around others but interacts with them only occasionally.

"occasional" merely addresses the frequency with which they can occur. It does not at all govern *how* changes can occur, including whether they can be implemented immediately and without advanced explanation. This is therefore not a case where an ALJ's failure to address an opinion is excused because the ALJ incorporated the opinion into the RFC/MRFC. *Cf. Beery v. Comm'r of Soc. Sec.*, 819 F. App'x 405, 408–09 (6th Cir. 2020) (finding, under the old rules, harmless error because the ALJ adopted an RFC consistent with a medical source opinion without properly explaining the weight accorded the opinion).

And, nothing in the record suggests that the identified jobs would preclude such unannounced, immediate, major changes, so the Court cannot know whether implementation of this limitation would change the disability analysis.

Moreover, nothing in the ALJ's decision suggests that the ALJ implicitly considered and rejected the opinion based on the evidence. There is no discussion concerning Plaintiff's abilities to implement change immediately or to do so without prior notice. Therefore, the Court cannot find that the ALJ implicitly considered and rejected this limitation.

The ALJ's failure to acknowledge this limitation is especially troubling because he seems to have intended his adaptive limitations to be *more* restrictive than those opined by Dr. Swain. This intention comes from the ALJ's explanation that he found Dr. Swain's opinions partially persuasive. He first adopted her opined limitation regarding simple, routine tasks that are not performed at a production rate pace. ALJ Dec., ECF No. 8-2 at PAGEID # 54–

55. But he then seems to reject Dr. Swain's opinions on adaptive limitations in favor of a more restrictive limitation when he says:

> While [the state agency psychological consultants] felt the reduction in pace/production would cover [Plaintiff's] deficits in adapting/managing himself, the undersigned has instead found the claimant instead [sic] capably of only occasional changes in duties and the work setting. The record suggests that [Plaintiff] requires a low stress setting and limits on work complexity, the pace/production required and changes in work duties and duties and work setting would provide such a setting.

*Id.* at PAGEID # 55.

At bottom, it seems like the ALJ was attempting to craft an MRFC limitation to account for Plaintiff's adaptive limitations that was more restrictive than Dr. Swain's but, in the process, ignored one of her opinions and thereby rendered Plaintiff's MRFC more lenient than Dr. Swain's proposal—without acknowledging or justifying the deviation. More problematic is the fact that the ALJ's omission seems to lack substantial justification in the record given that he cites no record evidence supporting a conclusion that Plaintiff can adapt immediately to major changes in the work setting that have not been previously discussed. So, the Court sustains this objection.

### III. CONCLUSION

For the above reasons, Plaintiff's objections are **OVERRULED IN PART** and **SUSTAINED IN PART**. The R&R is **ADOPTED IN PART**. The Court **REVERSES** the Commissioner's decision and **REMANDS** this case to the

Commission for further review. The Clerk shall enter judgment for Plaintiff and close this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**